# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-0870


**STATE IN THE INTEREST OF A. B.**


************

APPEAL FROM THE
NEW IBERIA CITY COURT
PARISH OF IBERIA, NO. 2009-0005-2
HONORABLE ROBERT L. SEGURA, CITY COURT JUDGE

************

**JIMMIE C. PETERS**
**JUDGE**

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Michael G. Sullivan, Judges.


**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**


**Anne G. Stevens**
**457 East Main Street, Room 202**
**New Iberia, LA 70560**
**(337) 369-2333**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Annette Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **A. B.**

PETERS, J.

The juvenile, A.B., appeals his adjudication as a delinquent as well as the disposition of that adjudication.[1]  For the following reasons, we affirm the adjudication and disposition, but remand the matter to the juvenile court with instructions to amend the disposition to give the juvenile credit for time served, if any, and to amend both the court minutes and custody order to that effect.

## DISCUSSION OF THE RECORD

This litigation began as a petition for delinquency filed by the State of Louisiana (state) on January 13, 2009.  In that petition, the state asserted that the juvenile had committed simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2, and was a principal to sexual battery, in violation of La.R.S. 14:43.1. Initially, on February 3, 2009, the juvenile denied the charges.  However, on March 17, 2009, and pursuant to an agreement with the state, the defendant admitted to the sexual battery charge and was adjudicated a delinquent.  In exchange for this admission, the state dismissed the simple burglary charge.

At the May 5, 2009 disposition hearing, the juvenile court remanded the juvenile to secure placement with the Office of Juvenile Justice for a period of two years. The juvenile court modified that disposition on May 18, 2009, by changing the secure placement disposition to non-secure custody.  The juvenile then perfected this appeal, asserting two assignments of error:

> The trial court erred in both failing to assure the juvenile was notified of his right to receive conflict-free counsel at all stages of the proceedings and in failing to obtain a waiver of conflict-free counsel before accepting A.B.'s admission in this case.

_____and

---

[1]Pursuant to Uniform Rules--Courts of Appeal, Rule 5-2, we use initials to protect the identity of the juvenile.

The trial court erred in imposing an excessive disposition in this case, in violation of the Eighth Amendment to the United States Constitution.

## DISCUSSION OF THE RECORD

The factual background to this charge is that the juvenile and another juvenile, J.A., entered a home in New Iberia, Louisiana, and one of the two juveniles fondled an eleven-year-old girl's breasts and vaginal area while the other held the victim at knife point.

## OPINION

Both juveniles were charged with the same offense, but in separate petitions. However, both were called to answer the separate petitions in the same proceeding, and their individual adjudications occurred in the same proceeding. The only in-court proceedings where the juveniles were handled separately were the individual disposition proceedings. In all appearances, the juveniles were represented by the same court-appointed trial counsel.

The juvenile does not object to the joint proceedings with J.A.[2] Instead, he asserts in his first assignment of error that, not only did he not receive conflict-free counsel at all stages of the proceedings, but that the juvenile court failed to advise him of the right to conflict-free counsel.

In asserting that he did not receive conflict-free counsel, the defendant does not direct us to any specific action or inaction of his trial counsel, but simply argues that the record standing alone establishes that his trial counsel had divided loyalties. As to his claim that he was entitled to be advised by the juvenile court of his right to conflict-free counsel, the juvenile relies on La.Code Crim.P. art. 517, which provides:

---

[2]Louisiana Children's Code Article 874 requires joint trials of children charged with the same delinquent act absent the state's decision to try them separately or a court ordered-severance in the interests of justice.

A. Whenever two or more defendants have been jointly charged in a single indictment or have moved to consolidate their indictments for a joint trial, and are represented by the same retained or appointed counsel or by retained or appointed counsel who are associated in the practice of law, the court shall inquire with respect to such joint representation and shall advise each defendant on the record of his right to separate representation.

B. Unless it appears that there is good cause to believe that no conflict of interest is likely to arise, the court shall take such measures as may be appropriate to protect each defendant's right to counsel.

The record reflects that the juvenile court made no inquiry into the separate representation issue at any time before or during the March 17, 2009 proceeding.

In response to this argument, the state points out that the juveniles were not charged in one indictment, nor did anyone move to have their charges consolidated for a joint trial. Therefore, the state argues, the juvenile court had no obligation under La.Code Crim.P. art. 517 to make an inquiry with respect to the joint representation.

We agree with the state that the adjudication process involves separate petitions, but disagree with the state's argument that La.Code Crim.P. art. 517 does not apply absent a motion to consolidate. The cases were consolidated by the statutory mandate of La.Ch.Code art. 874. Thus, no consolidation motion was required. The perils of joint representation protected by La.Code Crim.P. art. 517 are no less important where the consolidation is mandated by statute than where it is accomplished by motion of a party and order of the trial court. Thus, the juvenile court was required to inquire as to the joint representation issue and failed to do so.

Our inquiry does not end at that point, however. Louisiana Code of Criminal Procedure Article 517 does not relieve the juvenile of his obligation to prove actual prejudice when he objects to lack of conflict-free counsel after trial. *See State v. Cisco*, 01-2732 (La. 12/3/03), 861 So.2d 118, *cert. denied*, 541 U.S. 1005, 124 S.Ct.

3

2023 (2004). Simply pointing to the existence of the conflict is not enough to overcome this burden. This matter is basically a claim of ineffective assistance of counsel.

> Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal.

*State v. Griffin*, 02-1703, pp. 8-9 (La.App. 4 Cir. 1/15/03), 838 So.2d 34, 40, *writ denied*, 03-809 (La. 11/7/03), 857 So.2d 515 (citations omitted). This court, in *State v. Schexnaider*, 03-144 (La.App. 3 Cir. 6/4/03), 852 So.2d 450, adopted the approach of the fourth circuit with regard to such a claim.

In the matter before us, we cannot determine from the record whether the juvenile suffered prejudice as a result of the trial counsel conflict. Not being able to make any definitive findings concerning the trial counsel conflict, we must relegate the juvenile's claims to post-conviction relief proceedings where a full evidentiary hearing may be conducted, if warranted, to develop a sufficient record on the issue.

In his second assignment of error, the juvenile asserts that the juvenile court's disposition judgment is excessive. With regard to disposition, La.Ch.Code art. 901 provides, in pertinent part:

> A. In considering dispositional options, the court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.

> B. The court should impose the least restrictive disposition authorized by Articles 897 through 900 of this Title which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society.

4

Additionally, this court, in *State ex rel. M.N.H.*, 01-1218, pp. 8-9 (La.App. 3 Cir. 2/6/02), 807 So.2d 1149, 1154-55, *writ denied*, 02-1041 (La. 5/24/02), 816 So.2d 857, stated:

> When an excessive disposition is complained of in a juvenile proceeding, the record must be reviewed to determine whether the juvenile court imposed the least restrictive disposition consistent with the circumstances of the case, the child's needs, and the best interest of society. *State ex. rel. K.H.*, 98-632 (La.App. 5 Cir. 12/16/98); 725 So.2d 583; *State in Interest of T.L.*, 28,564 (La.App. 2 Cir. 5/8/96); 674 So.2d 1122. In any review for excessiveness, the appellate court must first ascertain whether the lower tribunal took cognizance of the general guidelines provided for juvenile cases in Louisiana Children's Code Article 901, and whether the record reflects an adequate factual basis for the commitment imposed. *State in Interest of T.L.*, 674 So.2d 1122. "Following that determination, the reviewing court need only explore for constitutional excessiveness in light of the circumstances of the case and the background of the juvenile." *Id.* at 1124. "[A]bsent a showing of manifest abuse of the wide discretion afforded in such cases, a disposition will not be set aside as constitutionally excessive." *Id.*

In imposing his disposition, the juvenile court judge stated that he had read the pre-disposition report prepared by the Office of Juvenile Justice and found that it noted "significant problems" with the juvenile's background, and that he had read the recommendations found in the written report of Dr. Jessica L. Brown, a psychologist who had evaluated the juvenile. The juvenile court judge also noted the significance of the offense committed, the age of the juvenile at the time of disposition (twelve years of age), and the fact that the juvenile and his family had been previously involved in the Family in Need of Services (FINS) program, but was most troubled by the fact that the juvenile had contacted the victim since his adjudication. In his mind, this fact alone established that the juvenile did not understand the act itself or the consequences thereof. Based on these findings and this conclusion, the juvenile court judge disposed of the matter by remanding the juvenile to two years in the

5

custody of the Office of Juvenile Services under secure placement. As previously stated, the juvenile court later amended the placement to non-secure status.

In his appeal, the juvenile argues that La.Ch.Code art. 901 prohibits the removal of a child from his parents absent a showing that the removal is for "his welfare or the safety and protection of the public." In this case, he argues, there were less restrictive dispositions available as authorized by La.Ch.Code art. 897, including: 1) reprimand and release to his mother, with or without conditions; 2) probation; 3) custody in a private or public institution; 4) commitment to the custody of the Office of Juvenile Justice; or 5) suspending the execution of sentence and placing him on probation. The juvenile also asserts that the juvenile court judge did not individualize the disposition of his case; that the exchanges between him and the juvenile court judge were minimal; and that the juvenile court judge ignored the recommendations of two probation officers and Dr. Brown.[3]

In support of the juvenile court's disposition, the state points to the prior FINS activity,[4] school records reflecting a lack of behavioral progress by the juvenile, the juvenile's involvement with sexual voyeurism,[5] and his violation of the court order prohibiting him from contacting the victim.

---

[3]In his report, Pete Bonhomme, a probation and parole supervisor, recommended that the juvenile be placed on supervised probation, be monitored by Trackers, and receive counseling. Dr. Brown recommended that he be placed on highly structured supervised probation with daily Trackers, and that he should participate in treatment for his inappropriate sexual behaviors.

[4]The juvenile court judge noted that at some point prior to the disposition, the juvenile had been adjudicated a FINS. In brief, the state asserts that this activity resulted in the juvenile being placed on probation. However, the record contains no indication of the juvenile being placed on probation.

[5]The juvenile's mother told Dr. Brown he had been "regularly accessing inappropriate movies on the cable movie channels" and "apparently has access to a variety of adult movies." The mother also informed Dr. Brown that the juvenile entered into a woman's home, hid in the closet of her bedroom, and observed the woman and her boyfriend in bed.

6

Our review of the record causes us to conclude that the juvenile court did take cognizance of the guidelines provided for juvenile cases and that the record does contain an adequate factual basis for the disposition imposed. We find no abuse of the juvenile court's discretion in the disposition imposed and, therefore, find no merit in the juvenile's second assignment of error.

Although the Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. In reviewing the record pursuant to that obligation, we find one error patent that requires comment.

In *State in the Interest of J.F.*, 03-321, p. 8 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282, 1287, this court explained, in pertinent part:

> [W]e note that the trial court failed to give J.F. credit for predisposition time served in a secure detention facility. Louisiana Children's Code Article 898(A) provides, in pertinent part, that "[t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition." While we recognize that the 1997 amendment to La.Code Crim.P. art. 880 releases us from recognizing the trial court's failure to give credit for time served as an error patent in adult criminal cases, we also recognize that the legislature did not amend La.Ch.Code art. 898(A). Consequently, we find it necessary to continue to recognize as an error patent the trial court's failure to give credit for time served in juvenile cases.

The record in this matter does not reflect whether the juvenile spent any time in secure detention before imposition of disposition. Thus, we amend his disposition to reflect that he is given credit, if any is available to him, for time spent in secure detention prior to disposition as required by La.Ch.Code art. 898(A). We remand this matter to the juvenile court with instructions to that court to note the amendment in

7

the custody order and in the minute entry. *See State in the Interest of M.M.,* 06-607 (La.App. 3 Cir. 11/2/06), 941 So.2d 716.

**DISPOSITION**

We affirm the juvenile's adjudication. We amend the juvenile's disposition to reflect credit for time served in secure detention prior to disposition, and affirm the disposition as amended. We remand this matter to the juvenile court with instructions to the juvenile court to note the amendment to the disposition in both the custody order and the minutes of the juvenile court.

**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**