# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 11-314

STATE OF LOUISIANA

VERSUS

LEONIDAS DEAN LOWRY

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 10-0357
HONORABLE LEO BOOTHE, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, James T. Genovese, and Phyllis M. Keaty, Judges.

AFFIRMED.

Bradley R. Burget
District Attorney – Seventh Judicial District
David R. Opperman – Assistant District Attorney
4001 Carter Street, Suite 9
Vidalia, Louisiana 71373
(318) 336-5526
COUNSEL FOR APPELLEE:
    State of Louisiana

**Peter John**
**O'Neal Legal, L.L.C.**
**10925 Perkins Road, Suite C**
**Baton Rouge, Louisiana  70810**
**(225) 757-8496**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Leonidas Dean Lowry**

**GENOVESE, Judge.**

In this criminal matter, Defendant, Leonidas Dean Lowry, was convicted by a jury of attempted simple burglary, a violation of La.R.S. 14:27 and La.R.S. 14:62. He was sentenced to serve six years at hard labor with the Louisiana Department of Corrections. He has appealed his conviction, assigning as errors ineffective assistance of counsel and insufficiency of the evidence. For the following reasons, we affirm Defendant's conviction.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NUMBER 1

*Ineffective Assistance of Counsel*

Defendant argues he was denied effective assistance of counsel at trial. He contends his attorney did nothing when he "indicated that he felt pressured by the District Attorney to accept a plea deal" that he believed violated his right to a presumption of innocence. Defendant also argues that his attorney inadequately investigated an evidentiary issue, failed to effectively communicate with him and his family about trial strategy, and failed to prepare a memorandum regarding sentencing.

The issue of ineffective assistance of counsel is more appropriately addressed in an application for post-conviction relief where an evidentiary hearing can be conducted in the trial court. *State ex rel. A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. However, where an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id.*

In this case, the record does not address Defendant's argument and, thus, does not contain sufficient evidence to determine whether counsel was ineffective.[1] Consequently, this issue is appropriately relegated to post-conviction relief.

## ASSIGNMENT OF ERROR NUMBER 2

### *Sufficiency of the Evidence*

In his second assignment of error, Defendant contends that he was denied a fair trial because he was convicted with insufficient evidence. However, in his brief, Defendant fails to adequately and fully address this assignment of error. Therefore, Defendant has abandoned this assignment of error. Uniform Rules—Courts of Appeal, Rule 2–12.4.

## DISPOSITION

Defendant's conviction is affirmed. Defendant's claim of ineffective assistance of counsel is appropriately relegated to post-conviction relief.

**AFFIRMED.**

---

[1]Defendant's original filing also included an affidavit that was not submitted to the trial court and is not part of the record on appeal. Thus, it may not be considered here. *State v. Savoy*, 10-1140 (La.App. 3 Cir. 5/11/11), 64 So.3d 457.