NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1256

STATE OF LOUISIANA

VERSUS

FREDDIE LYNN LASSIEN

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 534-11
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.**

Edward K. Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA  70602
(337) 491-0570
COUNSEL FOR DEFENDANT-APPELLANT:
    Freddie Lynn Lassien

**John F. DeRosier, District Attorney**
**Carla S. Sigler, Assistant District Attorney**
**Karen C. McLellan, Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, LA  70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PAINTER, Judge.**

Defendant, Freddie Lynn Lassien, appeals his convictions on five counts of distribution of cocaine and the corresponding thirty-year sentences imposed for each count. For the following reasons, we affirm his convictions. However, we find that the record does not support the imposition of the maximum sentences and order that the sentences be vacated and the matter remanded to the trial court for resentencing. Furthermore, the trial court is ordered to inform Defendant of the provisions of La.Code Crim.P. art. 930.8 at resentencing.

## FACTS AND PROCEDURAL HISTORY

Defendant was charged with five counts of distribution of cocaine, violations of La.R.S. 40:967, after he allegedly sold drugs to a confidential informant, Eura Jones, on five occasions. Defendant entered a plea of not guilty. Following a jury trial, Defendant was found guilty on all five counts. Defendant was sentenced to serve thirty years at hard labor on each count. The sentences were to run concurrently. A motion to reconsider sentence was filed and was denied after a hearing.

Defendant is now before this court asserting three assignments of error: (1) there was insufficient evidence to support his convictions for distribution of cocaine; (2) he was denied effective assistance of trial counsel; and (3) the trial court erred in imposing constitutionally excessive sentences. After a thorough review of the record, we find that the evidence is sufficient to support Defendant's convictions, that his claims of ineffective assistance concerning the testimony of the crime lab employees are without merit, and that his claim of ineffective assistance of counsel in regard to the failure to subpoena an alibi witness must be relegated to post-conviction relief. However, Defendant's sentences must be vacated because the record does not support the imposition of the maximum

sentences and because the trial court did not articulate why this Defendant was the worst offender or that he committed the most egregious offenses. Accordingly, the matter is remanded to the trial court for resentencing. Furthermore, the trial court is directed to inform Defendant of the provisions of La.Code Crim.P. art. 930.8.

## DISCUSSION

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We find that there is one error patent in that the record does not indicate that the trial court advised Defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. Since we are remanding the matter for resentencing due to lack of support in the record for the imposition of maximum sentences, the trial is hereby directed to inform the Defendant of the provisions of article 930.8 at resentencing.

*Sufficiency of the Evidence*

In his first assignment of error, Defendant contends that there was insufficient evidence to support his convictions for distribution of cocaine.

> In considering the sufficiency of the evidence on review, an appellate court must consider whether, viewing the evidence in a light most favorable to the State, any rational trier of fact could have found proof, beyond a reasonable doubt, of all essential elements of the crime charged. *State v. Leger*, 05-11 (La.7/10/06), 936 So.2d 108 (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Determinations regarding the weight of evidence are questions of fact and rest solely with the trier of fact who may accept or reject, in whole or in part, the testimony of the witnesses. *State v. Silman*, 95-0154 (La.11/27/95), 663 So.2d 27. It is not the role of the appellate court to assess credibility or to re-weigh evidence. *State v. Bordenave*, 95-2328 (La.4/26/96), 678 So.2d 19.

> In this light, one witness's testimony, if accepted by the trier of fact, is sufficient for a requisite factual conclusion absent internal contradiction or irreconcilable conflict with physical evidence. *State v. Robinson*, 02-1869 (La.4/14/04), 874 So.2d 66. Further, in resolving the question of whether the defendant was the perpetrator of the crime, the State is required to negate any reasonable probability of

2

> misidentification in order to sustain its burden of proof beyond a reasonable doubt. *State v. Bright*, 98-398 (La.4/11/00), 776 So.2d 1134.

*State v. Prudhomme*, 12-347, pp. 2-3 (La.App. 3 Cir. 11/7/12), 101 So.3d 565, 567-68.

Detective Melanie Hinton was assigned to the drug task force in September 2009. Detective Hinton testified that Jones, who was working off drug charges, participated in controlled buys on September 15, 16, 17, 18, and 23 of 2009 in Vinton.[1] Detective Hinton testified that Jones and the vehicle that he drove were searched prior to and after each transaction and that no contraband or currency was found. Police met with Jones after each of the five transactions, and Jones turned over powder cocaine.

Detective Hinton testified that on September 15, 2009, Jones called someone known as "Old School" and set up a buy. Detective Hinton further testified that, on that date, the seller drove a blue Jeep. On September 16, 17, and 18, 2009, the seller drove a tan Chevrolet truck with Texas tags. Police ran the license plate number and found that the vehicle was registered to Donald Anderson. Detective Hinton testified that police did not attempt to locate Anderson. Detective Hinton further testified that she did not observe the transactions that occurred on September 15, 16, 17, and 18, 2009. Detective Hinton testified that on September 23, 2009, she observed Jones make contact with Defendant outside a tan truck. The license plate on the truck matched that from the previous transactions. However, Detective Hinton did not observe the transaction. Detective Hinton then made an in-court identification of Defendant as the person she saw on that date.

---

[1] Police attempted to videotape each transaction. However, there was nothing of evidentiary value on the video from September 15, 2009. Additionally, Defendant was not identified on any of the videos.

Detective Hinton testified that the phone number that Jones called to set up all five buys was put through a law enforcement database and identified as a number that had been used by Defendant. Detective Hinton subsequently contacted Texas DPS because Jones said that the seller was from Texas. Detective Hinton testified that Texas DPS emailed her a photographic lineup that she presented to Jones who then identified Defendant as the seller.

Jones testified that he cooperated with the drug task force because he was "working off" charges for possession of crack. Additionally, at the time of trial, he had pending charges for doctor shopping and indecent behavior with juveniles.

Jones testified that he participated in controlled buys on September 15, 16, 17, 18, and 23, 2009, and purchased crack cocaine from "Old School." Jones then made an in-court identification of the Defendant as that person.[2] Jones subsequently testified that he purchased powder cocaine and that he called the same phone number to set up each buy. Jones also testified that he and his vehicle were searched prior to each buy and that he used money that had been photocopied to make the purchases.

Jones testified that Defendant said that he was doing construction or housing work and that Defendant drove a BMW, a blue Jeep Cherokee, and a champagne colored truck. Jones additionally testified that Defendant came from Beaumont, Texas.

Jones did not recall what time he called Defendant on September 15, 2009. Jones then testified that he met with Defendant at "1:00, 1:00 something, 1:30,

---

[2]Jones testified that Defendant had gray braids in September 2009.

4

2:00 o'clock. That's the only times really I met with him. I didn't meet with him at 5:00 o'clock or 6:00 o'clock in the afternoon or nothing like that."[3]

Defendant's brother, Donald Lewis, testified that he resided in Houston, Texas, but that he was incarcerated at the time of trial. Lewis testified that he had been referred to as Donald Lassien and that had been arrested "on that name" for distribution of a controlled dangerous substance over twenty years ago. Lewis testified that his children lived in Vinton, Louisiana, and that he might have visited there in 2009.

Ernest Mitchell, also Defendant's brother, testified that Defendant was a contractor who did roofing and construction work in Beaumont, Texas. Mitchell also testified that Defendant drove a blue Ford truck, a Ford Explorer that belonged to one of their brothers, and a black Dodge Charger or Challenger. Mitchell further testified that Donald Anderson was his cousin and that Anderson owned a beige Chevrolet truck and a Jeep.

Defendant contends that the only evidence to convict him was the self-serving testimony of Jones. Defendant notes that none of the videos introduced at trial showed a drug transaction between himself and Jones. Defendant further notes that, in fact, he could not be seen in any of the videos. He asserts that a blurry image of a balding man with braids can be seen in the video from September 17, 2009, but that no one identified that man. Defendant points out that Jones testified that Defendant had gray braids from the front of his head to the back. Defendant argues that Jones's identification could have been tainted by the photographic lineup that was not admitted into evidence.

_____

[3]Detective Hinton testified that Jones called Defendant to set up the first buy at 4:09 p.m. No time was notated for the second and third buys. However, the recording for the second buy started at 5:15 p.m. Additionally, the audio for the fourth buy was turned on at 1:38 p.m., and the recording for the fifth buy was turned on at 2:04 p.m.

Defendant asserts that Jones did not remember who introduced him to Defendant, how much buy money he was given, the amount of cocaine he purchased, or whether the cocaine was crack or powder. Defendant further asserts that Jones testified that Defendant drove a BMW, but no such vehicle was seen on any of the videos introduced into evidence. Defendant next argues that although Detective Hinton testified that Jones and his vehicle were searched before each buy, this was not enough to prove that Jones did not have cocaine on his person or in his vehicle.

The State argues that one witness's positive identification may sustain a conviction. In support of this argument, the State cites *State v. Henry*, 95-428 (La.App. 3 Cir. 10/4/95), 663 So.2d 309, *writ denied*, 96-681 (La. 5/16/97), 693 So.2d 793, and *State v. Gobert*, 09-607 (La.App. 3 Cir. 12/9/09), 24 So.3d 1013, *writ denied*, 09-2830 (La. 6/18/10), 38 So.3d 321.

The State points out that the phone number that Jones used to set up the buys had been used by Defendant; Jones picked out Defendant in a photo lineup and positively identified him in court; Detective Hinton identified Defendant from the fifth buy and positively identified Defendant in court; Jones testified that the seller worked in construction in Beaumont, Texas; Mitchell testified that Defendant worked in construction in Beaumont, Texas; and Defendant's cousin drove a truck similar to that used by the seller.

From a photographic lineup and in court, Jones positively identified Defendant as the person from whom he purchased cocaine on September 15, 16, 17, 18, and 23, 2009. Additionally, Detective Hinton identified Defendant as being with Jones on September 23, 2009, and identified Defendant in court. The jury heard the testimony of both Detective Hinton and Jones that Jones's vehicle was searched for money and contraband before and after each purchase and that Jones

6

turned over cocaine after each buy. The jury's credibility determinations made in regard to these witnesses were questions of fact and, accordingly, rested solely with the trier of fact. Having reviewed the direct and circumstantial evidence in the record, we find that the jury's determination is supported under the *Jackson* standard. Accordingly, Defendant's convictions are affirmed.

*Ineffective Assistance of Counsel Claim*

In his second assignment of error, Defendant contends that he was denied effective assistance of trial counsel.

> The issue of ineffective counsel is more appropriately addressed in an application for post-conviction relief, where an evidentiary hearing can be conducted in the trial court. *State in the Interest of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. However, where an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id.* If this court considers a claim of ineffective counsel on appeal, Defendant must satisfy a two-part test. He must first show that counsel's performance was deficient and next, that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*State v. Teno*, 12-357, p. 10 (La.App. 3 Cir. 11/7/12), 101 So.3d 1068, 1075.

Defendant asserts that neither Ida Benoit (a forensic analyst at the Southwest Louisiana Crime Lab) nor Margaret Steel (also a forensic analyst at the Southwest Louisiana Crime Lab) had the work experience or practical application required to be accepted as experts. Defendant further asserts that defense counsel never requested a *Daubert*[4] hearing concerning the methodology and testing performed by the Southwest Crime Lab. Defendant asserts that, without such a hearing, defense counsel could not attack whether the techniques used by the crime lab lacked proper foundation and reliability. Defendant argues that defense counsel failed to object to prejudicial evidence, specifically the admission of drug test

---

[4] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993),

7

results and the qualifications of those conducting the tests. He asserts that he was prejudiced by defense counsel's failure to act.

Benoit and Steele testified regarding lab testing of the cocaine that Jones purchased. "Louisiana law provides that, subject to the restrictions contained in La.R.S. 15:501, certificates of analysis issued by any criminalistics laboratory in the state 'shall be received in evidence as prima facie proof of the facts shown thereon . . . .' La.R.S. 15:500." *State v. Simmons*, 11-1280, pp. 2-3 (La. 1/20/12), 78 So.3d 743, 744. The State filed a notice of intent to use the lab reports filed into evidence. Defendant failed to demand that the person making the examination or analysis testify by filing written demand and serving it upon the district attorney. Thus, the lab reports at issue were prima facie proof of the facts set forth therein. La.R.S. 15:501(B). Accordingly, Defendant has not proven that he was prejudiced by defense counsel's failure to object to the qualification of Benoit and Steel as experts.

Defendant also asserts that defense counsel improperly failed to request a *Daubert* hearing. In *State v. Celestine*, 11-1403, p. 5 (La.App. 3 Cir. 5/30/12), 91 So.3d 573, 577, this court set forth the following:

> Defendant notes the only evidence linking him to the rape of D.C. was DNA evidence, and trial counsel failed to object to the validity of the test methodology under a *Daubert* analysis regarding the testing done by Acadiana Crime Lab or Orchid Cellmark. Defendant asserts there can be no explanation why trial counsel failed to request a *Daubert* hearing.

> Defendant does not declare any error in the methodology used by Acadiana Crime Lab and/or Orchid Cellmark. General statements and conclusory allegations will not suffice to prove a claim of ineffective assistance of counsel. *State v. Camp*, 46,052 (La.App. 2 Cir. 3/16/11), 59 So.3d 548, *writ denied*, 11-954 (La.12/16/11), 76 So.3d 1199. Thus, this claim of ineffective assistance of is without merit.

Defendant in the case at bar does not declare any error in the methodology used by the Southwest Louisiana Crime Lab. As noted in *Celestine*, conclusory allegations will not suffice to prove a claim of ineffective assistance of counsel; thus, this claim of ineffective assistance of counsel is without merit.

In another assertion of ineffective assistance of counsel, Defendant alleges that defense counsel also failed to subpoena his employer, Rickey Earnest, who would have testified that Defendant did not get off work until between 5:00 and 6:00 p.m. on the dates of the buys at issue. Defendant asserts that Earnest's wife was subpoenaed because she was the custodian of records for Earnest's business. Defendant contends that the correct procedure would have been to subpoena the witnesses pursuant to La.Code Crim.P. art. 741, which provides the method for obtaining witnesses from outside the state. Defendant asserts that Earnest's testimony was crucial and that the failure to exercise due diligence by issuing a subpoena for Earnest's presence prejudiced him because Earnest would have provided him with an alibi.

On the last day of trial, defense counsel informed the trial court that she intended to call Earnest to testify; however, Earnest had called and was stuck in traffic. Defense counsel stated that Earnest would arrive in three to four minutes. The trial court gave defense counsel seven minutes to call the next witness. When the witness was not present, defense counsel proceeded with closing arguments.

Defense counsel filed a motion for new trial alleging that Earnest would have provided an alibi for Defendant because Defendant was working at the time of the offenses. An affidavit executed by Earnest was submitted in support of that motion. The trial court accepted the affidavit as a proffer and denied the motion for new trial.

Because a review of this allegation of ineffective assistance of counsel would require the introduction of evidence in addition to that provided by the appellate record, Defendant's ineffective assistance of counsel argument regarding defense counsel's failure to subpoena Earnest is more properly reviewed via application for post-conviction relief.

*Excessive Sentence Claim*

In his third assignment of error, Defendant contends that the trial court erred in imposing constitutionally excessive sentences.

In *State v. Tall*, 12-280, pp. 7-8 (La.App. 3 Cir. 10/24/12), 100 So.3d 388, 394-95, this court stated that:

> Even though a penalty falls within the statutory sentencing range, it may still be unconstitutionally excessive:
>
>> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."
>
> *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted). "[T]he trial judge need not articulate every aggravating and mitigating circumstance outlined in art. 894.1[;] the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant." *State v. Smith*, 433 So.2d 688, 698 (La.1983). "[M]aximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender ." *State v. Quebedeaux*, 424 So.2d 1009, 1014 (La.1982). "The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." La.Code Crim.P. art. 881.4(D).

Defendant was convicted of five counts of distribution of cocaine, which are punishable by imprisonment at hard labor for two to thirty years, with the first two years to be served without benefit of probation, parole, or suspension of sentence. La.R.S. 40:967(B)(4)(b). Defendant was sentenced to serve thirty years on each count, to run concurrently.

At the sentencing hearing, the trial court stated that:

> Well, you know, you up the ante when you decide to go to trial, not that it's not your right to do so, but I'm sure there was some opportunities prior to trial to work some kind of a deal with the DA, and for whatever reason, Mr. Lassin [sic] chose to take the chances with a jury and -- and he failed. So I'm going to sentence him to 30 years on each count to run concurrent.

At the hearing on the motion to reconsider sentence, the trial court denied the motion, stating that:

> His opportunity to get a better sentence or a better deal was before trial, not after a conviction on five counts of distribution. That's the way it works. Now, I don't know what kind of offer was made, but I can tell you and tell him and tell everyone else that, you know, when you roll the dice and go to trial that you up the ante all the way, and that's what we did in this case. The jury had their say.

> So, you know, the sentences are concurrent. They could have been consecutive, and that's the break that he was given.

Defendant contends that, prior to imposing the maximum sentence on each count, the trial court merely noted that he could have entered into a plea agreement instead of proceeding to trial and that no mitigating or aggravating circumstances were considered by the trial court. Defendant further contends that this matter should be remanded to the trial court for resentencing and compliance with the guidelines of La.Code Crim.P. art. 894.1.

In his motion to reconsider sentence, Defendant failed to allege that the trial court did not comply with La.Code Crim.P. art. 894.1. Thus, the question of whether the trial court properly complied with La.Code Crim.P. art. 894.1 is not

11

properly before this court for review. La.Code Crim.P. art. 881.1; *State v. King*, 10-1215, pp. 3-4 (La.App. 3 Cir. 4/6/11), 61 So.3d 810, 812.

There was no presentence investigation report prepared in the case at bar. Additionally, the trial court failed to articulate why Defendant was the worst offender or committed the most egregious offenses. Furthermore, the record does not support imposition of maximum sentences. Based on the cases cited herein and the lack of reasons for sentencing, Defendant's sentences must be vacated and the matter remanded to the trial court for resentencing.

## DECREE

Defendant's convictions are affirmed. However, his sentences are vacated, and the matter is hereby remanded to the trial court for resentencing. The trial court is also directed to inform Defendant of the provisions of article 930.8.

**CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.