# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 12-1473

**STATE OF LOUISIANA**

**VERSUS**

**CHRISTOPHER GUILLORY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 86511FA
HONORABLE JOHN LARRY VIDRINE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**SENTENCE VACATED;**
**REMANDED WITH INSTRUCTIONS.**

**Annette Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Christopher Guillory**

**Trent Brignac**
**District Attorney, 13th Judicial District Court**
**Julhelene E. Jackson**
**Assistant District Attorney**
**P. O. Drawer 780**
**Ville Platte, LA 70586**
**(337) 363-3438**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**Christopher Guillory**
**Louisiana State Penitentiary**
**CBB L/L #14**
**Angola, LA 70712**
**PRO SE**

**GREMILLION, Judge.**

In response to a reported offense, three police officers observed Defendant, Christopher Guillory, exit his house while rolling a marijuana cigarette. Officers handcuffed Defendant and conducted a pat-down search that uncovered a .22 caliber revolver in Defendant's back pocket.

Defendant was charged with and convicted of possession of a firearm by a convicted felon in violation of La.R.S. 14:95.1. He was originally sentenced to twelve years at hard labor without benefit of probation, parole, or suspension of sentence and ordered to pay a fine of $3,000. The State then filed a habitual offender bill seeking an enhanced sentence for the conviction of possession of a firearm by a convicted felon, listing three prior offenses. At the hearing, the State relied on the fourth offender section of the habitual offender statute, which mandated a life sentence. At the close of the hearing, the trial court vacated the original sentence, and Defendant was sentenced as a habitual offender to life in prison. Although the trial court did not specifically find that Defendant was a fourth felony offender, it agreed with the State that a life sentence was mandatory. Defendant is before this court challenging this sentence.

Defendant contends the trial court erred in imposing an illegally excessive sentence of life imprisonment under La.R.S. 15:529.1(A)(4)(b) because the prior conviction used as a basis for his conviction of possession of a firearm by a convicted felon (possession with intent to distribute marijuana) was also used as a predicate for habitual offender enhancement of his sentence for possession of a firearm by a convicted felon. Defendant cites *State v. Baker*, 06-2175, pp. 16-17 (La. 10/16/07), 970 So.2d 948, 958, *cert. denied*, 555 U.S. 830, 129 S.Ct. 39 (2008), in which the Louisiana Supreme Court held:

We find that a sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information. To the extent that cases state to the contrary, including *State v. Sanders*, 337 So.2d 1131 (La.1976) and *State v. Firmin*, 354 So.2d 1355 (La.1978), they are overruled.

Defendant contends that the mandatory life provision of La.R.S. 15:529.1(A)(4)(b) was not applicable to him because the possession with intent to distribute marijuana conviction, which satisfied the "violation of the Uniform Controlled Dangerous Substance Law punishable by imprisonment for ten years or more," could not be utilized.

The State concedes that "the sentence imposed exceeds what is appropriate under the sentencing provision of the habitual offender statute" and agrees that the case must be remanded for correction of the sentence.

Defendant further contends that trial counsel was ineffective in failing to file a motion to quash the habitual offender bill and in failing to object to the imposition of a life sentence. Defendant contends that if trial counsel had sought to quash the habitual offender bill, the State would have been prohibited from amending the bill, as was done in *State v. Foster*, 09-617 (La. 11/25/09), 23 So.3d 885, and the possession with intent to distribute marijuana charge would have been stricken from the habitual offender bill. Had this conviction been stricken from the bill, the most Defendant could have been sentenced for was that applicable to a third felony offender without special circumstances. Defendant contends that the mandatory life sentence as a third felony offender would not have applied without the use of the prior conviction of possession with intent to distribute marijuana. Accordingly, Defendant would have been exposed to a sentence of thirteen years and four months to forty years rather than a mandatory life sentence.

The State contends that Defendant has not shown that trial counsel's performance was deficient given the complexity of the habitual offender statute provisions, and "it is not unreasonable under the circumstances that all the actors in this case made a mistake in its application."

The improper use of this predicate offense was not raised in the trial court; however, Defendant's claim that counsel was ineffective in failing to raise this claim in the trial court has merit.

> The issue of ineffective counsel is more appropriately addressed in an application for post-conviction relief, where an evidentiary hearing can be conducted in the trial court. *State in the Interest of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. However, where an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id.* If this court considers a claim of ineffective counsel on appeal, Defendant must satisfy a two-part test. He must first show that counsel's performance was deficient and next, that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*State v. Teno*, 12-357, p. 10 (La.App. 3 Cir. 11/7/12), 101 So.3d 1068, 1075.

The record is sufficient to address Defendant's ineffective assistance of counsel claim. Defendant's prior conviction for possession with intent to distribute marijuana was charged in the bill of information and proven by the State as an element of the offense of possession of a firearm by a convicted felon. As established by the supreme court in *Baker*, this prior conviction could not also be used as a prior felony conviction for purposes of enhancement of Defendant's sentence for possession of a firearm by a convicted felon pursuant to La.R.S. 15:529.1. Counsel's performance was deficient in failing to object to the use of this prior offense for habitual offender purposes. Additionally, Defendant was clearly prejudiced because he was sentenced to a mandatory life sentence as a fourth felony offender when the evidence presented at the hearing supported a

3

finding that Defendant was only a third felony offender. Defendant's habitual offender adjudication and sentence must be vacated.

In *State v. Godfrey*, 08-828, 08-1231 (La.App. 3 Cir. 3/3/10), 32 So.3d 1020, *writ denied*, 10-758 (La. 10/29/10), 48 So.3d 1097, this court found the defendant was improperly adjudicated a fourth felony offender because a Texas conviction, which would not have been a felony in Louisiana, should not have been used for enhancement purposes. This court held:

> We find that the trial court erred in adjudicating the defendant as a fourth felony offender and, hereby, vacate the defendant's adjudication and sentence. In doing so, we recognize that the evidence does support a finding that the defendant is a third felony offender. However, because double jeopardy does not apply to habitual offender adjudications, the state has the option of reestablishing the defendant's third felony status or of attempting to establish the defendant's fourth felony offender status at a new hearing. *See Kennerson*, [96-1518 (La.App. 3 Cir. 5/7/97),] 695 So.2d 1367.

*Id.* at 1024.

Accordingly, as did the *Kennerson* court, we vacate Defendant's adjudication as a fourth felony offender and set aside the sentence imposed.

## DECREE

We hereby vacate Defendant's adjudication as a fourth felony offender and set aside the sentence imposed. Although the evidence supports a finding that Defendant is a third felony offender, the State has the option of either reestablishing Defendant's third felony offender status or attempting to establish the defendant's fourth felony offender status at a new hearing. We remand the matter to the trial court for proceedings consistent with this opinion.

**SENTENCE VACATED; REMANDED WITH INSTRUCTIONS**.