NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-222

STATE OF LOUISIANA

VERSUS

CHAD PERKINS

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-2013-505
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

CONVICTION AND SENTENCE AFFIRMED.
REMANDED WITH INSTRUCTIONS.
MOTION TO WITHDRAW GRANTED.

**Hon. David W. Burton**
**District Attorney - 36th JDC**
**P. O. Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**COUNSEL FOR STATE/APPELLEE:**
    **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Chad Perkins**

**Chad Perkins**
**RPDC Mens Unit**
**456 Highway 15**
**Rayville, LA 71269**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Chad Perkins**

**SAUNDERS, Judge.**

Defendant, Chad Perkins, was charged with aggravated incest, a violation of La.R.S. 14:78.1(A) and (B)(2), on July 31, 2013. Defendant originally entered a plea of not guilty, but on June 25, 2014, he changed his plea to guilty to the lesser charge of sexual battery, a violation of 14:43.1(A)(1) and (C)(2). The trial court sentenced Defendant to an agreed-upon statutory minimum sentence of twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence, and it ordered him to register as a sex offender. Although the State sought to modify the sentence, it withdrew its motion, and the trial court confirmed Defendant's sentence on December 15, 2014.

The trial court granted Defendant's motion for appeal "only to the extent that appeal rights were not waived as per the plea agreement herein." Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging no non-frivolous issues exist on which to base an appeal and seeking to withdraw as Defendant's counsel.

Defendant filed a pro se brief on April 17, 2015. The brief sets forth no non-frivolous issues. Thus, we grant counsel's motion to withdraw, and we affirm Defendant's conviction and sentence.

**FACTS:**

Defendant committed sexual battery of a child under the age of thirteen, a violation of La.R.S. 14:43.1(A)(1) and (C)(2).

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent. Additionally, we find the commitment order requires correction.

The amended bill of information erroneously refers to the Defendant's charge as sexual battery, a violation of "R. S. 14:43.1 A(1), e(2)," a non-existent subparagraph. However, "[e]rror in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." La.Code Crim.P. art. 464. The Defendant does not allege any prejudice because of the erroneous citation; thus, any error is harmless. Additionally, by entering an unqualified plea, the Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976). Accordingly, this error is harmless and/or waived. *State v. Allen,* 09-1281 (La.App. 3 Cir. 5/5/10), 36 So.3d 1091.

Additionally, we find the commitment order requires correction. Although the order correctly reflects the Defendant's sentence, it incorrectly cites the revised statute violated as "14:43.1 A(1) e(2)." The name of the crime is not listed. Out of an abundance of caution, we order the trial court to correct the commitment order to correctly reflect the statute violated.

## *ANDERS* ANALYSIS:

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the analysis based on *Anders*, 386 U.S. 738:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings,

minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

While it is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit[,]" counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241 (citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308 (1983) and *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 108 S.Ct. 1895 (1988)). Counsel must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, counsel's *Anders* brief must review the procedural history and the evidence presented at trial and provide "'a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.'" *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

Pursuant to *Anders*, 386 U.S. 738, and *Jyles*, 704 So.2d 241, Defendant's appellate counsel filed a brief considering an excessive sentence argument as a potential issue for appeal. The trial court sentenced Defendant according to the plea agreement to the statutory minimum sentence. Counsel determined the sentence imposed was in fact in accordance with the plea agreement; thus, it is not subject to review on appeal.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This

article applies "to plea agreements involving both specific sentences and sentencing caps." *State v. Young*, 96-195, p. 5 (La. 10/15/96), 680 So.2d 1171, 1174. We find defense counsel correctly concluded Defendant cannot make a non-frivolous argument on appeal alleging an excessive sentence.

Pursuant to *Anders* and *Benjamin*, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts and has confirmed the statements by counsel. Defendant was present and represented by counsel at all crucial stages of the proceedings, and he acknowledged his guilty plea on the plea form. The trial court correctly informed Defendant of his *Boykin* rights and correctly discussed his possible sentence for sexual battery of a child under the age of thirteen.

However, Defendant's guilty plea form incorrectly referred to the citation of the crime of sexual battery as "LA R.S. 14:31.1(A)(1)(C)(2)." No such statute with this citation number exists. Likewise, the amendment to the bill of information indicates, "The State amends the charge to R.S. 14:43.1A(1), e(2) Sexual Battery in open court on June 25, 2014." Louisiana Revised Statutes 14:43.1 contains no subparagraph identified as "e(2)."

Further, at the plea hearing, counsel correctly referred to the pled crime as sexual battery but incorrectly cited the statute identifying the crime as "14:31(A)(1)(c)(2)." The trial court then incorrectly cited the statute as "Revised Statute 40:43.1 . . . ." The trial court later, speaking directly to Defendant, identified the statute as "Fourteen:43.1" and quoted it as saying:

> [t]he intentional touching of the anus or genitals of the victim by the offender, using any instrumentality or any part of the body of the offender, or the touching of the anus or genitals of the offender by the victim, using any instrumentality or any part of the body of the victim, when any of the following occur.

4

The trial court then explained "subparagraph one is what's alleged to apply in this case, and that is that the offender acts without the consent of the victim." Next, the trial court further told Defendant the penalty range for this crime:

> Whoever commits the crime of sexual battery on a victim under the age of 13 when the offender is 17 years of age or older is punishment [sic] by imprisonment at hard labor for not less than 25 years nor more than 99 years; and at least 25 years of the sentence shall be imposed without benefit of parole, probation, or suspension of sentence.

"Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice." La.Code Crim.P. art. 464. In *State v. Poche*, 05-1042 (La.App. 3 Cir. 3/1/06), 924 So.2d 1225, the bill of information misstated the statute number with which the defendant was charged in one place but correctly cited the number in another place. The trial court misstated the statute number during sentencing but correctly noted the defendant was convicted of battery of a correctional facility employee and not battery of a police officer as the statute number indicated. This court found no error on appeal because the sentences for both offenses were identical, and any error was harmless.

Here, the trial court correctly described the crime to which Defendant pled. Defendant indicated he understood the general nature of the offense of non-consensual sexual battery. He understood the penalty range. He understood the terms of his plea agreement, his waiver of rights, and the requirement of registering as a sex offender. He indicated he had read and understood the guilty plea and the sex offender notification form, and he had reviewed them with his attorney.

We find Defendant could not make a valid argument that his plea was unknowingly or involuntarily made simply because the incorrect number of the statute was stated. The trial court determined Defendant understood the nature of

5

the charge to which he pled and the corresponding sentence. The record does not show Defendant was misled to his prejudice by the mistakes in statutory citation. In spite of multiple errors in citing the number of the statute, those errors do not constitute appealable issues.

**DEFENDANT'S PRO SE BRIEF:**

Defendant's pro se brief does not clearly state an assignment of error. His brief, in its entirety, states:

> Under the specific plea I had no knowledge of the law[.] [A]t the time I didn't know what to do or what plea to take because my attorney Mitchell M. Evans II did not want to hear anything I had to say[.] [H]e told me I was facing 99 yrs if I didn't take the plea of 25 yrs[.] I was trying to tell him what Dr. Crow stated on 7-8-2013[.] [H]e stated to Arnait and Halbert that he didn't observe any bruising to [the victim's] butt cheeks. On 5-23-07 interview date done by Dr. Perkins did not see any significant evidence of sexual molestation[.] [T]his shows the mother uses these allegations every time she gets mad at me[.] [T]he exam report of both drs. show no rectal bruising or bleeding[.] [T]he exam reports prove that the mother Jennifer Musslewhite have [sic] been using false allegations against me on 5-7-07 she stated she was sexually assaulted by me on 11-27-04 she stated the same report and again on 5-5-06 false allegation of sexual assault[.] [D]on't take my word for it[.] [T]he medical reports for these incodents [sic] will show I was wrongfully incarcerated in 2012[.] Jennifer Musslewhite made a report to Vernon police that I had raped her and she did not come to court[.] [I]t is still on the docket[.] [T]hese are facts to support my brief[.] I am an innocent man[.] [T]hank you very much[.]

To the extent this argument sets out a claim of ineffective assistance of counsel, the issue is more appropriately addressed in an application for post-conviction relief, where an evidentiary hearing can be conducted in the trial court. *State in the Interest of A.B.*, 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. However, when an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id.*

If this court considers a claim of ineffective counsel on appeal, Defendant must satisfy a two-part test. He must first show counsel's performance was deficient, and next, that the deficiency prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164 (1955)).

Review of the transcript of Defendant's plea hearing shows he was present when the State agreed he should be sentenced to the minimum term of twenty-five years. The trial judge read Defendant the statutory definition of sexual battery, and Defendant indicated he understood the nature of the offense and the minimum and maximum sentences for it. Defendant understood the requirement to register as a sex offender, and he understood the guilty plea and waiver of rights forms he signed. He had no questions about those forms for his attorney.

The trial court reviewed Defendant's *Boykin* rights; Defendant indicated he understood the rights and his waiver of them. Defendant said no one forced him to make the plea or promised him anything in exchange for it. He did not need additional time to discuss the plea agreement with counsel when the trial court offered it. He said he was making the plea freely and voluntarily. Further, at the hearing to consider modification of Defendant's sentence on December 15, 2014, counsel informed the trial court he had given Defendant "a full, complete copy of discovery before he entered his plea of guilty."

7

The record is sufficient to consider on appeal any argument of ineffective assistance of counsel set forth in Defendant's pro se brief. Further, the record does not support a non-frivolous claim of ineffective assistance.

To the extent Defendant's argument claims his guilty plea was not knowingly and intelligently made, the facts set out above do not support such a claim. Defendant told the court he understood the charges against him, the sentencing range, and his *Boykin* rights. He had no questions for the trial court or for his attorney. Any potential claims set out in Defendant's pro se brief lack merit.

The record reveals no issues that would support a non-frivolous assignment of error on appeal beyond the potential issues addressed by counsel and Defendant's pro se brief. Therefore, we affirm Defendant's conviction and sentence, remand the case to the trial court for correction of the commitment order, and grant appellate counsel's motion to withdraw.

**CONVICTION AND SENTENCE AFFIRMED. REMANDED WITH INSTRUCTIONS. MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules– Courts of Appeal, Rule 2–16.3.